1

2

3

4

5

6

7

8                                IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MANUEL MARTINEZ,

11              Petitioner,                        No. 2:11-cv-2515 GEB KJN P

12        vs.

13    STEVE MOORE, SAN JOAQUIN
      COUNTY SHERIFF'S DEPT.,

14

15              Respondent.                        ORDER AND

16    _____/                FINDINGS & RECOMMENDATIONS

17              Petitioner, a state prisoner proceeding without counsel, has filed an application for

18    a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.

19              The exhaustion of state court remedies is a prerequisite to the granting of a

20    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

21    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

22    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

23    providing the highest state court with a full and fair opportunity to consider all claims before

24    presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

25    _____

26        [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28
      U.S.C. § 2254(b)(2).

1   Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

2           After reviewing the petition for habeas corpus, the court finds that petitioner has

3   failed to exhaust state court remedies.  The claims have not been presented to the California

4   Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

5   petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

6           Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is

7   directed to serve a copy of these findings and recommendations together with a copy of the

8   petition filed in the instant case on the Attorney General of the State of California; and

9           IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

10  habeas corpus be dismissed for failure to exhaust state remedies.

11          These findings and recommendations will be submitted to the United States

12  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

13  fourteen days after being served with these findings and recommendations, petitioner may file

14  written objections with the court.  The document should be captioned "Objections to Findings

15  and Recommendations."  Petitioner is advised that failure to file objections within the specified

16  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

17  (9th Cir. 1991).

18  DATED:  October 13, 2011

19

20                                                      _____
                                                        KENDALL J. NEWMAN
21                                                      UNITED STATES MAGISTRATE JUDGE

22  mart2515.103

23  _____

        [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
24  limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
    year period will start to run on the date on which the state court judgment became final by the
25  conclusion of direct review or the expiration of time for seeking direct review, although the
    statute of limitations is tolled while a properly filed application for state post-conviction or other
26  collateral review is pending.  28 U.S.C. § 2244(d).